UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                                  Case No.: 14-52133
                                                        Chapter 7
MARK ANTHONY CHABAN,                                    Hon. Walter Shapero

      Debtor.
_____/

BOB WOODWARD,

      Plaintiff,                                  Adv. No.: 16-04458

v.

MARK ANTHONY CHABAN,

      Defendant.
_____/

**OPINION REMANDING REMOVED ACTION PURSUANT TO 28 USC § 1452(b)**

    This is the Court's Opinion following the adjourned hearing held on June 23, 2016, pursuant to the Court's May 20, 2016, Order for Hearing in Connection with Removed Proceeding (Dkt. No. 3).

    Defendant Mark Chaban ("Debtor") is the Chapter 7 Debtor in Case No. 14-52133, which he filed on July 24, 2014. Plaintiff Bob Woodward ("Creditor") had obtained a State Court judgment against Debtor pre-petition. Creditor filed a non-dischargeability proceeding in this Court, resulting in a judgment dated October 20, 2014 of non-dischargeability of the State Court judgment. Debtor received his discharge on September 9, 2015. In his bankruptcy proceeding, Debtor claimed the federal bankruptcy exemption for his residence located at 15046 Hix, Livonia, Michigan 48154 ("residence") and while the Chapter 7 Trustee objected to certain other exemptions, he did not object

1

to that one. Debtor alleges that the Creditor, incident to attempts to collect on his judgment, filed a State Court levy on the residence in October 2015, following which the Creditor filed a State Court proceeding on May 4, 2016, to compel an inspection of the residence preparatory to a sale under the levy. Debtor further alleges that the State Court entered an order on May 16, 2016, compelling inspection of the residence. On May 11, 2016, Debtor removed that State Court proceeding to this Court. Creditor filed a Response and Opposition to the removal, which in turn was followed by this Court's referred-to May 20, 2015, Order stating and doing the following:

1. Treated the Creditor's Response and Opposition as a Motion to Remand under 28 U.S.C. § 1452(b);

2. Required Debtor to file a response thereto by June 3, 2016;

3. Set a hearing to determine whether or not the proceeding should be remanded, or if not, to determine the procedures going forward in this Court.

Debtor timely filed his response and also filed a Motion to Strike the Levy, which between the two, assert various reasons why the proceeding should remain in, and the issues raised should be decided by, this Court. A hearing on these matters was held on June 23, 2016.

28 U.S.C. § 1452(b) states that this Court may remand any claim or cause of action "on any equitable ground" (and further states that a decision to remand is not reviewable by appeal or otherwise). A review of the various decisions reciting the factors to be considered indicates the following:

a. the extent to which judicial resources will be duplicated or in efficiently used;

b. whether remand will adversely affect the administration of the bankruptcy estate;

c. whether the matter involves state law issues better addressed by the State Court;

    d. comity considerations;

    e. whether there is prejudice to the unremoved party;

    f. lessened possibility of an inconsistent result;

    g. the expertise of the Court in which the action was pending before removal.

*See e.g.*, *Watson v. Ziglia*, 2010 WL 3582504 (E.D. Mich. 2010); *In re Continental Holdings*, 158 B.R. 442 (Bankr. N.D. Ohio 1993); *Littlefield v. Orthodontic Centers of Illinois, Inc*. 2007 WL 273766 (S.D. Ill. 2007). To some extent, there is also reference to and relevance of other factors considered in mandatory or permissive abstention situations under 28 U.S.C. § 1334(c)(1) and (2), such as the degree of relatedness or remoteness to the bankruptcy case and the likelihood that forum shopping might be involved. *See Watson*, *supra*.

    What we have here is simply a Creditor with a non-dischargeable State Court judgment seeking to obtain its satisfaction by way one of a number of various State Court remedies available under state law. Whether or not, or how, or the extent to which the Creditor can or will achieve success has no bearing on whatever administration remains as to Debtor's bankruptcy, notwithstanding that the bankruptcy case may be still open. The Trustee no longer has any interest in the residence, did not challenge its exemption for bankruptcy case purposes, and indeed at the instance of another creditor of this Debtor, an order was entered formally abandoning the residence as an asset of the bankruptcy estate.

    The Debtor's main point is that the residence is exempt from creditor collection action under state law. That may well be the case, but whether or not it is, or what is the nature or extent of any remedy, or the availability to Debtor of any defenses or rights pertaining to that asserting or realizing exemption or the status, or the assertability of no such incident to the removed proceeding, is

3

likewise wholly a matter of state exemption law, to be determined in the already pending State Court proceeding by a State Court Judge likely more familiar than this Judge with such matters. Comity favors remand, as well as does the obvious prejudice to the Creditor, and literally all of the other indicated factors. Similarly, Debtor's collateral estoppel arguments do not have merit in this particular situation. It is also to be noted that this Debtor has a well-documented history of meritless litigation with Creditor both in this and State Courts, to the point that in one of his appeals to the U.S. District Court affirming this Court, the District Judge enjoined Debtor from filing any appeals from Bankruptcy Court decisions without the District Court's approval. To this Court, that is an indication that forum shopping and delay in whole or in part may well have motivated the subject removal by Debtor.

Debtor argues variously that the levy itself, and/or the various State Court actions incident to it violated either the automatic stay or the discharge injunction that were in effect at various points in the indicated timeline of this case. Needless to say, none of those arguments have any technical or substantive merit. The non-dischargability of the debt (and the recited facts relating to the exemption and abandonment of the residence in the bankruptcy administration), controls, regardless of when such might have occurred. Neither afford a defense to or grounds to set aside or a basis for this Court to act with reference what has so far occurred in the State Court, insofar as the bankruptcy case is concerned, nor do they vitiate the compelling reasons to remand. Accordingly, it is the Court's opinion that the subject removed matter should be remanded, and an order to that effect is being contemporaneously entered.

At the oral argument and in pleadings, Creditor additionally requested the Court to issue some sort of order or injunction precluding Debtor from filing or taking any other actions in relation

4

to the subject of this proceeding. The Court is declining to do so because (a) as noted, the statute itself precludes an appeal from a remand decision; (b) the referred-to District Court order, even if it is applicable to this situation, is enforceable in that, and not this, Court; and (c) such relief, desirable to the Creditor though it might be, is not something available as an appropriate ancillary remedy to this particular proceeding.

**Signed on June 27, 2016**

                                                      **/s/ Walter Shapero**
                                                    **Walter Shapero**
                                                  **United States Bankruptcy Judge**

5

16-04458-wsd    Doc 12    Filed 06/27/16    Entered 06/27/16 11:32:03    Page 5 of 5